UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ENMANUEL JOSE PERNIA SUAREZ,

               Petitioner,

v.

UNKNOWN PARTY #1 et al.,

               Respondents.

_____/

Case No. 1:26-cv-2005

Honorable Paul L. Maloney

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I.      Procedural History**

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.) In an order entered on July 8, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response on July 13, 2026, (ECF No. 6.)

## II.    Factual Background

Petitioner is a native and citizen of Venezuela. (Pet., ECF No. 1, PageID.10.) On July 18, 2024, the Department of Homeland Security (DHS) paroled Petitioner into the United States pursuant to 8 U.S.C. § 1182(d)(5) for a period of two years, until July 18, 2026. (Notice to Appear (NTA), ECF No. 6-1, PageID.73; 2024 Form I-213, ECF No. 6-2, PageID.79.)

On March 5, 2026, Petitioner was arrested by local law enforcement for suspected Larceny. (Police Report, ECF No. 6-3, PageID>90–94.) Petitioner was charged with Embezzlement – Agent or Trustee $200.00 or More But Less Than $1,000.00 on March 12, 2026. (Misdemeanor Complaint, ECF No. 6-3, PageID.83–85.) Following Petitioner's release from local custody, Petitioner was transferred to ICE detention. (Pet., ECF No. 1, PageID.10.)

On June 11, 2026, an Immigration Judge ordered Petitioner removed to Venezuela. (Immigration Judge Order, ECF No. 6-4, PageID.102–105.) Petitioner filed a timely appeal with the Board of Immigration Appeals (BIA) on July 6, 2026, which remains pending. EOIR Automated Case Information, https://acis.eoir.justice.gov/en/, (enter "A-Number, "249503221," "Nationality," "Venezuela," select "Search by A-Number") (last visited Jul. 20, 2026).[1]

---

[1] Because Petitioner's appeal to the BIA remains pending, Petitioner's order of removal is not "administratively final" for purposes of the INA. *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i), 1231(a)(2)(A). Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). However, as relevant to this case, the removal period does not begin to run until "[t]he date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B)(i). For the purposes of § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* § 1101(a)(47)(B); *see Jusufi v. Chertoff*, No. 07-15450, 2007 WL 4591760, at *4 (E.D. Mich. Dec. 28, 2007) (discussing that a final removal order becomes administratively final when the BIA denies an appeal of it); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) ("[O]nce the BIA has reviewed [and affirmed] the [removal] order (or the time for seeking the BIA's review has expired), DHS is

On July 9, 2026, two days after Petitioner filed the present § 2241 action, ICE served Petitioner with a notice of "Termination of Parole Issued Pursuant to 8 U.S.C. § 1182(d)(5) and 8 C.F.R. § 121(e)(2)," stating that Petitioner's parole ended on March 5, 2026. (Termination of Parole, ECF No. 6-6, PageID.111.) The letter provided to Petitioner states that "ICE has thoroughly reviewed the specific facts of your case," and that "[n]either humanitarian reasons nor public benefit warrant your continued parole." (*Id.*) It further provides that "[p]arole is being terminated because detention during the pendency of removal proceedings is appropriate pursuant to the Presidential Proclamation, *Declaring a National Emergency at the Southern Border of the United States* (Jan. 20, 2025) and the Presidential Proclamation, *Securing Our Borders* (Jan. 20, 2025)," and because of Petitioner's March 5, 2026, arrest. (*Id.*)

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

---

free to remove the alien *unless* a court issues a stay. That reinforces why Congress included 'administratively' before the word 'final' in the first provision.").

IV.     **Merits Discussion**

  A.      **Statutory and Regulatory Basis for Petitioner's Parole and Detention**

Here, Petitioner entered the United States at a port of entry and was subsequently paroled into the United States under 8 U.S.C. § 1182(d)(5)(A).

The INA "establishes the framework governing noncitizens' entry into and removal from the United States, with regulations promulgated by the enforcing agencies providing further governance." *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1132 (D. Or. 2025). "Noncitizens who arrive at a port of entry without a visa or other entry document, like Petitioner, are deemed 'inadmissible' under 8 U.S.C. § 1182(a)(7)" due to their lack of entry documents. *Id.* at 1132 & n.7 (noting that "[d]epending on the circumstances, other categories of inadmissibility may also apply, but § 1182(a)(7) applies for noncitizens without proper documentation"). Once a noncitizen is deemed inadmissible, "the immigration officer must order the noncitizen's removal unless the noncitizen indicates an intention to apply for asylum or fear of persecution." *Id.* at 1132 & n.8 (citing 8 U.S.C. § 1225(b)(1)(A)(i)). The government may place the noncitizen into expedited removal proceedings, *see* 8 U.S.C. § 1225(b)(1), or the government may place the noncitizen into regular removal proceedings under 8 U.S.C. § 1229(a). *See Y-Z-L-H*, 792 F. Supp. 3d at 1132–33 (citing 8 U.S.C. § 1225(b)(2)).

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). However, "applicants for admission may be temporarily released on parole [into the United States] 'for urgent humanitarian reasons or significant public benefit,'" as set forth in 8 U.S.C. § 1182(d)(5)(A). *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting 8 U.S.C. § 1182(d)(5)(A)). The decision to grant parole pursuant to

8 U.S.C. § 1182(d)(5)(A) is determined "on a case-by-case basis." 8 U.S.C. § 1182(d)(5)(A). Then, "when the purpose of the parole has been served," § 1182(d)(5)(A) provides that "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Jennings*, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)).

To terminate the previously granted parole, the agency must comply with the applicable regulatory and statutory requirements. As set forth in 8 C.F.R. § 212.5(e)(2)(i), which governs the "[t]ermination of parole,"

> In cases not covered by paragraph (e)(1) of this section,[2] upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole.

8 C.F.R. § 212.5(e)(2)(i). That is, "[u]nder the governing regulation, [§ 1182(d)(5)(A)] parole may be terminated only if the purpose of parole is accomplished, or humanitarian reasons and the public benefit no longer warrant parole," *Loaiza Arias v. LaRose*, No. 3:25-cv-02595-BTM-MMP, 2025 WL 3295385, at *3 (S.D. Cal. Nov. 25, 2025) (citing 8 C.F.R. § 212.5(e)), and only "upon written notice," 8 C.F.R. § 212.5(e)(2)(i). As explained below, the Court concludes that Respondents have failed to follow the applicable statutory and regulatory provisions to terminate Petitioner's parole at the time of his March 5, 2026, arrest. *Cf. Coal. for Humane Immigrant Rts. v. Noem*, No. 25-cv-872 (JMC), 2025 WL 2192986, at *2 (D.D.C. Aug. 1, 2025) (holding that the government failed to follow the applicable statutory and regulatory provisions and that paroled noncitizens cannot be subject to expedited removal proceedings); *Salgado Bustos v. Raycraft*, No. 25-13202, 2025 WL

---

[2] Paragraph (e)(1) provides for the automatic termination of parole without written notice where the noncitizen has either departed from the United States or at the expiration of time for which the parole was authorized. The parties have not suggested that either circumstance applies here.

3022294, at *5–7 (E.D. Mich. Oct. 29, 2025) (same); *E.V. v. Raycraft*, No. 4:25-cv-2069, 2025 WL 2938594, at *10 (N.D. Ohio Oct. 16, 2025) (same).

Termination "upon written notice" to the noncitizen after one of the specified determinations in 8 C.F.R. § 212.5(e)(2)(i) is the only procedural safeguard available to the noncitizen. *See United States v. Lagarda-Aguilar*, 617 F.2d 527, 528 (10th Cir. 1980). Therefore, "written notice is essential to effectuate a termination." *Id.* Here, Petitioner was paroled into the United States for a period of two years, until July 18, 2026. And, indeed, the Government does not argue that Petitioner's parole terminated automatically under § 212.5(e) prior to his arrest. The record also makes clear that Petitioner was not served with written notice of the termination of his parole prior to or at the time of his March 5, 2026, arrest. Therefore, at the time of his March 5, 2026, Petitioner's parole remained valid.

In an effort to justify Petitioner's arrest, Respondents rely upon notice of "Termination of Parole Issued Pursuant to 8 U.S.C. § 1182(d)(5) and 8 C.F.R. § 121(e)(2)," issued on July 9, 2026. (Termination of Parole, ECF No. 6-6, PageID.111.) However, Respondents "cite no case or statute for the proposition that written notice somehow retroactively converts an unlawful arrest and detention into something lawful." *Darwich v. Kemerling*, No. 1:25-cv-1162, 2026 WL 170801, at *6 (M.D.N.C. Jan. 22, 2026). Courts which have examined the issue have found otherwise. *See e.g.*, *id.* (holding that the noncitizen's initial arrest and detention while parole violated the laws of the United States; he was arrested without written notice of the termination of his parole and the later notice did not cure the defect); *Saengphet v. Noem*, No. 25-cv-2909, 2025 WL 3240808, at *8 (S.D. Cal. Nov. 20, 2025) ("After-the-fact determinations in an attempt to justify a noncitizen's re-detention cannot cure the Government's blatant procedural errors.").

6

Accordingly, for the reasons set forth above, the Court concludes that Respondents failed to follow the applicable statutory and regulatory requirements to revoke or terminate Petitioner's § 1182(d)(5)(A) parole.

### B.    Fifth Amendment Due Process Considerations

Petitioner also argues that Petitioner's detention violates the Fifth Amendment's Due Process Clause. Respondents counter Petitioner's arguments by stating that Petitioner has received notice of the charges against Petitioner, has access to counsel, may request hearings with an immigration judge, may request bond, has the right to appeal the denial of any request for bond, and has been detained by ICE for a relatively short period of time.

The Court concludes that Petitioner's current detention violates Petitioner's Fifth Amendment due process rights for the reasons set forth in the Court's constitutional analysis in each of the following cases: *Caceres Martinez v. Raycraft*, No. 1:26-cv-547, 2026 WL 621359, at *7–8 (W.D. Mich. Mar. 5, 2026); *Nazari v. Raycraft*, No. 1:26-cv-540, 2026 WL 607704, at *7–8 (W.D. Mich. Mar. 4, 2026); *Delgado Vilchez v. Warden, North Lake Corr. Facility*, No. 1:26-cv-216, 2026 WL 570449, at *5–7 (W.D. Mich. Mar. 2, 2026); *Ramirez Gonzalez v. Dep't of Homeland Sec.*, No. 1:26-cv-373, 2026 WL 547955, at *7–8 (W.D. Mich. Feb. 27, 2026).

### V.    Other Claims and Other Forms of Relief

Because the Court will grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### VI.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v.*

*Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act in the event that Petitioner is transferred outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

## Conclusion

For the reasons discussed above, the Court will enter a judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to release Petitioner from custody, subject to any conditions that existed under Petitioner's § 1182(d)(5)(A) parole. The Court will also order Respondents to file a status report within three days of the issuance of the Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment.[3]

Dated:   July 22, 2026                          /s/ Paul L. Maloney
                                                Paul L. Maloney
                                                United States District Judge

---

[3] Because the Court will grant the petition as set forth herein, Petitioner's pending motions are moot.

8